UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re ) | | |
| ) | | |
| BK RACING, LLC ) | | Chapter 11 |
| ) | | |
| Debtor, ) | | No. 18-30241 |
| _____) | | |
| ) | | |
| MATTHEW W. SMITH, Trustee, ) | | |
| ) | | |
| Plaintiff, ) | | |
| v. ) | | A.P. No. 20-03011 |
| ) | | |
| BOBBY MCKEY'S, LLC, ) | | |
| ) | | |
| Defendant. ) | | |
| _____) | | |

## ANSWER AND JURY DEMAND

NOW COMES Defendant, through counsel, and for its Answer to the Complaint states as follows:

1. Admitted.

2. Admitted, except that Defendant denies that it currently operates said business due to the Covid-19 pandemic.

3. Admitted.

4. Denied.  Defendants further state that they DO NOT consent to the entry of a final order or judgment by the Bankruptcy Judge.

5.  Admitted.

6. Denied that there are any statutory predicates for the relief requested.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted, on information and belief.

13. Admitted, on information and belief.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies the same and demands strict proof thereof.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies the same and demands strict proof thereof.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies the same and demands strict proof thereof.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore denies the same and demands strict proof thereof.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore denies the same and demands strict proof thereof.

19. Admitted, except that denied that the business is presently operating due to the Covid-19 pandemic.

20. Denied.

21. Admitted, except that Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation of the March 6 date and therefore denies the same and demands strict proof thereof.

22. Denied. Defendant affirmatively alleges and states that on February 28, 2017, it lent Debtor $75,000 by check which, on information and belief, cleared on March 1, 2017.

23. Denied.

24. Denied.

25. Admitted that Defendant loaned money to Defendant and that the Transfer was the repayment of a loan, but denied that it was an insider loan.

26-39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 26-39 and therefore denies the same and demands strict proof thereof.

40. Defendant denies that Plaintiff may reserve such "rights" after the statute of limitations has expired.

41. Defendant incorporates its responses to all other paragraphs of the Complaint.

42. Admitted.

43. Denied.

44. Denied

45. Defendant incorporates its responses to all other paragraphs of the Complaint.

46. Admitted

47. Denied.

48. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and therefore denies the same and demands strict proof thereof..

49. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and therefore denies the same and demands strict proof thereof..

50. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and therefore denies the same and demands strict proof thereof.

51. Denied.

52. Defendant incorporates its responses to all other paragraphs of the Complaint.

53. Admitted.

54. Denied.

55. Denied.

56. Defendant incorporates its responses to all other paragraphs of the Complaint.

57. Admitted

58. Denied.

59. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 and therefore denies the same and demands strict

proof thereof.

60. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 and therefore denies the same and demands strict proof thereof.

61. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and therefore denies the same and demands strict proof thereof.

62. Denied.

63. Defendant incorporates its responses to all other paragraphs of the Complaint.

64. Denied.

65. Admitted

66. Admitted.

67. Admitted.

68. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and therefore denies the same and demands strict proof thereof.

69. Admitted.

70. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and therefore denies the same and demands strict proof thereof.

71. Denied.

72. Defendant incorporates its responses to all other paragraphs of the Complaint.

73. Denied.

74. Admitted.

75. Denied.

76. Denied.

77. Defendant incorporates its responses to all other paragraphs of the Complaint.

78. Denied.

79. Denied.

80. Denied.

Defendant further denies each and every allegation not expressly admitted, and denies that Plaintiff is entitled to the relief sought, or to any relief.

SEPARATE AND AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim on which relief may be granted.

2. Failure to plead fraud with particularity.

3. Defendant took for value and in good faith and should Plaintiff recover any alleged voidable payments from Defendant, Defendant shall have a lien on such recovered payments as provided in 11 U.S.C. § 548(c) or other applicable law.

4. Defendant took for value, in good faith, and without knowledge of the voidability of any transfer.

5. The Transfer was intended by the debtor and the Defendant to be a contemporaneous exchange for new value given to the Debtor; and was in fact a substantially contemporaneous exchange.

6. The transfer was in payment of a debt incurred by the Debtor in the ordinary

course of business or financial affairs of the Debtor and the Defendant, and the Transfer was (a) made in the ordinary course of business or financial affairs of the Debtor and the Defendant; and (b) made according to ordinary business terms.

7. Defendant reserves the right to assert any additional defenses that should appear to be warranted during the course of these proceedings.

WHEREFORE the Defendant respectfully requests that this honorable Court dismiss this adversary proceeding and award Defendant its costs of this action, including reasonable attorney's fees.

### JURY DEMAND

Defendant demands trial by jury.

Dated: April 29, 2020.

Respectfully submitted,

/s/ Susanne M. Robicsek_____
Susanne M. Robicsek, NCSB #14289
Law Office of Susanne M. Robicsek
1701 Scott Avenue
Charlotte, NC 28203
(704) 377-0776

/s/ Daniel M. Press_____
Daniel M. Press, Virginia Bar #37123
*Pro Hac Vice pending*
CHUNG & PRESS, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
(703) 734-3800
(703) 734-0590 fax
dpress@chung-press.com

Counsel for Defendant

## CERTIFICATE OF SERVICE

This is to certify that on this 30th day of April, 2020 I caused the foregoing Answer to be served by CM/ECF upon counsel for Plaintiff.

/s/ Susanne M. Robicsek
Susanne M. Robicsek, NCSB #14289
Law Office of Susanne M. Robicsek
1701 Scott Avenue
Charlotte, NC 28203
(704) 377-0776
