

**UNITED STATES BANKRUPTCY COURT**
**Western District of North Carolina**
**Charlotte Division**

Adversary No.: 20−03011

IN THE MATTER OF:
    BK Racing, LLC
        Debtor(s)

Case No.: 18−30241
Chapter: 11

Matthew W Smith
    Plaintiff(s)

vs.

Bobby McKey's, LLC
    Defendant(s)

# INITIAL PRE−TRIAL ORDER

Pursuant to Bankruptcy Rules 7016 and 7026 (which incorporate Rules 16 and 26 of the Fed. R. Civ. P.), it is hereby **ORDERED** that:

1. The parties shall meet pursuant to Rule 26(f) by May 21, 2020 (The meeting requirement may be satisfied by correspondence, telecommunication, facsimile transmission, or other forms of communication). The court will deem the parties to have complied with Rule 26(f) after they have conferred about the following:

    a. Those matters set out in Fed. R. Civ. P. 26(a)(1);

    b. The necessity of joining additional parties and issues;

    c. Settlement possibilities;

    d. Anticipated discovery and the amount of time necessary to complete discovery; and

    e. Anticipated dispositive motions.

2. All discovery in this action shall be completed by July 30, 2020.

3. Any dispositive motions shall be filed by August 14, 2020.

4. If any party believes their case would be benefited by strict compliance with Fed. R. Civ. P. 26 and 16, they may request such relief by proper motion and notice of hearing.

5. The provisions of this Order may be modified or substituted for by agreement of all of the parties by preparing a proposed substitute Order signed by the parties and submitted to the court for its consideration and entry. In the absence of agreement, any party may move the court to modify this Order or for any other matter relating to pre−trial administration at any time by proper motion and notice of hearing. These provisions are deemed to satisfy the requirement that the court conduct conferences with counsel pursuant to Rules 16 and 26.

6. At the conclusion of the period for discovery, the court will send a Notice of Pre−Trial Conference which schedules a pre−trial conference between the Court and the parties. If a date is selected for trial at the pre−trial conference, the court will enter a Final Pre−Trial Order and Notice of Trial which will require supplementation of disclosure and discovery, exchange of exhibits, identification of witnesses, and which will set a time certain for trial. After entry of that Order, continuances will be granted only for compelling circumstances. If a date is not selected for trial at the pre−trial conference, the court will continue the matter so the parties can select a trial date at the continued hearing.

7. **Objection to Entry of Final Orders and Judgments by the Bankruptcy Court:** Not later than 14 days before the date first set for the pretrial conference, or hearing on dispositive motions pursuant to Local Rule 7007−1, each party objecting to the entry of final orders or judgments by this court on any issue in this proceeding, whether or not designated as "core"under 28 U.S.C § 157(b), shall file with this court a motion requesting that this court determine whether this proceeding is a core proceeding or otherwise subject to the entry of final orders or judgments by this court. Any such motion shall be treated as an objection to the entry of final orders or judgments by this court. **FAILURE OF ANY PARTY TO FILE A MOTION ON OR BEFORE THE DEADLINE PROVIDED IN THIS PARAGRAPH SHALL CONSTITUTE CONSENT BY SUCH PARTY TO THIS COURT ENTERING ALL APPROPRIATE FINAL ORDERS AND JUDGMENTS IN THIS PROCEEDING.** Nothing in this paragraph limits the court's ability to determine *sua sponte* whether this proceeding is a core proceeding under 28 U.S.C. § 157(b)(3) or otherwise subject to entry of final orders or judgments by this court.

Dated: May 1, 2020

BY THE COURT

J. Craig Whitley
United States Bankruptcy Judge

Electronically filed and signed (5/1/20)